1  Karena A. Feng
2  1995 34th Avenue
3  San Francisco, Cal. 94116
4  Tel.: (650) 350-9088
5  Email: afengre@gmail.com
6

**FILED**

**OCT 22 2019**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

7              UNITED STATES DISTRICT COURT
8            NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10

11  KARENA A. FENG,                          DKT NO.:

12      Plaintiff                        **CV-19 6877 LB**

13

14      v.

15                                              COMPLAINT

16  COUNTY OF SANTA CLARA, COUNTY
17  OF SAN FRANCISCO, ANNA
18  PATROWSKY, Ph.D., MAYRA ALVAREZ,
19  ARTHUR GEE-YEH TAN, AMBER
20  ROSEN, BRIAN HAWKINSON, AMY
21  YIM, JOHN DOE, and JANE DOE

22

23      Defendants.

24  JURY TRIAL DEMANDED

25

26  COMPLAINT FOR VIOLATION OF 42 U.S.C. §1983, FOURTEENTH
27              AMENDMENT, and 18 U.S.C. 1961, *et seq.*

28

29

30

1

31

32                          **JURISDICTION**

33   1.  This is an action for relief, proximately the result of conduct engaged in by the

34       County of Santa Clara, County of San Francisco, Anna Patrowsky, Ph.D., Mayra

35       Alvarez, Amber Rosen, Brian Hawkinson, and Amy Yim, in violation of 42

36       U.S.C. §1983, Fourteenth Amendment, and 18 U.S.C. 1961, *et seq*.

37   2.  This Court has personal jurisdiction over the Defendants because all factual

38       allegations derive from violations of 42 U.S.C. §1983, Fourteenth Amendment,

39       18 U.S.C., 1961 *et seq*., and for the sake of judicial expediency, this Court has

40       supplemental jurisdiction over all other claims, brought now or ever, that are so

41       related to claims in the actions of the parties within such original jurisdiction that

42       they form part of the same dispute pursuant to 28 U.S.C. §1367.

43   3.  This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C.

44       §§1331 and 1338 (federal question jurisdiction). Jurisdiction is premised upon

45       the Federal defendants' violation of 42 U.S.C. §1983, Fourteenth Amendment,

46       and 18 U.S.C. §1961, *et seq*.

47                            **VENUE**

48

49   4.  Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400 because

50       the bulk of Plaintiff's business is transacted in the County of San Francisco, and

51       for the Defendants that do not, and for the sake of judicial expediency, this Court

52    has supplemental jurisdiction over the Defendants that are so related to claims in

53    the actions of the parties within such original jurisdiction that they form the

54    Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

55                                       **THE PARTIES**

56    5. Plaintiff, Karena A. Feng (hereinafter "Plaintiff"), is a *sui juris* resident of San

57    Francisco, Cal. residing at:

58    1995 34th Avenue
59    San Francisco County
60    San Francisco, California
61    +1 (650) 350-9088

62    6.  Federal defendant County of Santa Clara (hereinafter "County No.1"), officially

63    the County of Santa Clara, is California's 6th most populous county, with a

64    population of 1,781,642, as of the 2010 census with a principal address of:

65    70 West Hedding Street
66    Santa Clara County
67    San Jose, Cal. 95110

68

69    7.  Federal defendant County of San Francisco (hereinafter "County No. 2"),

70    officially City and County of San Francisco is the cultural, commercial, and

71    financial center of Northern California. San Francisco is the 13th most populous

72    city in the United States, and the fourth most populous in California, with 883,305

73    residents as of 2018 with a principal address of:

74    City Hall, Room 168
75    1 Dr. Carlton B. Goodlett Place
76    San Francisco, CA 94102-4678
77
78    8. Federal defendant Anna Patrowsky, Ph.D. (hereinafter "Patrowsky") is a *sui juris*

79    resident of places unknown with a principal place of business at:

80    200 Hospital Way, 5th Floor
81    Santa Clara, CA 95051

82    9. Federal defendant Mayra Alvarez (hereinafter "Alvarez"), sued in her individual

83    capacity, is a sui juris resident of places unknown and with a principal place of

84    business at:

85    unknown
86    unknown
87    unknown

88    10. Federal defendant Brian Hawkinson (hereinafter "Hawkinson"), sued in his

89    individual capacity, is a *sui juris* resident of places unknown with a principal

90    place of business at:

91    373 W. Julian Street
92    Santa Clara County
93    San Jose, CA 95110
94
95    11. Federal defendant Amber Rosen (hereinafter "Rosen"), sued in her individual

96    capacity, is a Superior Court Judge and *sui juris* resident of places unknown with

97    a principal place of business at:

4

98      201 N. First Street, Department 67
99      Santa Clara County
100     Santa Clara, CA

101     12. Federal defendant   Arthur Gee-Yeh Tan (hereinafter "Tan") is a *sui juris* resident

102     of places unknown and a private attorney in Santa Clara County with a principal

103     place of business at:

104     31 N 2nd Street Suite 300B
105     San Jose, CA 95113
106

107     13. Federal defendant Amy Yim (hereinafter "Yim"), sued in her individual capacity,

108     is a *sui juris* resident of places unknown with a principal business address of:

109     170 Otis Street
110     San Francisco County
111     San Francisco, CA 94103

112

113                         **STATEMENT OF FACTS**

114

115     14. The Santa Clara County Department of Family and Child Services ("DFCS")

116     failed in their duty to investigate the alleged malpractice of a psychiatrist, Federal

117     defendant Dr. Anna Patrowsky; Plaintiff also claims unethical treatments with

118     NO diagnosis.

119     15. Plaintiff received confirmation from another Ph.D. psychologist, Dr. Randolph

120     Badler, that Plaintiff was ideally equipped to care for LF, KF, MF, and RSF after

121      Plaintiff's involuntary placement into a psychiatric ward along with children

122      removed without a warrant or court order, but for underlying "ulterior motives."

123 16. Upon information and belief, LF and RSF were ideal ages for adoption and sex

124      trafficking which are big money makers for the Enterprise as it is defined in

125      par.78 of the Complaint.

126 **17.** When presented to Federal defendant Brian Hawkinson, a DFCS social worker,

127      he tossed aside the allegations against Patrowsky stating "it doesn't matter" or

128      words to that effect; DFCS continued to injure the Feng family.

129 18. On November 26, 2018, Federal defendant Patrowsky entered Plaintiff's

130      maternity recovery ward with a surgical mask over her face and mumbled while

131      talking rapidly, so rapidly that Plaintiff could not comprehend.

132 19. Patrowsky ripped off one side of her mask to expose her mouth and said that "she

133      just had another patient with postpartum depression or psychosis, and she doesn't

134      want to bump into another one" or words to that effect.

135 20. Plaintiff reminded Federal defendant Patrowsky that she had nothing to do with

136      another patient, has been delayed for discharge, and wishes to bring my newborn

137      baby home to show the rest of her family.

138 21. Patrowsky demanded, in a condescending and somewhat angry tone, that

139      Plaintiff must take some type of psychedelic drug and stated that "If [Plaintiff]

140      does not take it, then Federal defendant Patrowsky would call CPS to take the

children away, throw me into the ward, do not disclose the address so no one can save me and that I cannot see another day's light, I will lose my children forever" or words to that effect. In that way Federal defendant Patrowsky, showed Plaintiff who is boss.

22. Shocked at this unethical, unprofessional, and malpractical behavior, Plaintiff kindly asked if she could have a second opinion to which Patrowsky replied "NO!"

23.   Federal defendant Patrowsky said she makes the decision and Patrowsky yelled, that "she IS the law" or words to that effect.

24.   Plaintiff later discovered through her roommate in San Leandro and by carefully reading through Brian Hawkinson's petition, that Patrowsky noted on my medical chart comments about Plaintiff that all staff must follow upon in her capacity as the "Boss" and the "Law."

25. When interviewed by Federal defendant Hawkinson, all of the staff said the same thing that I had psychosis of unknown or not known kind of psychosis, (not medically known  psychosis purportedly is a ripe defense which saves DFCS in lawsuits, while misleading any court).

162   26. Plaintiff's roommate, Paul Hernandez, who also works at Kaiser said that all

163        staff must stay consistent with the Psychiatrist-in-Charge, otherwise, they will be

164        thrown into the ward themselves and heavily disciplined or dismissed from their

165        hospital job; however, Hernandez admitted to Plaintiff that no hospital staff needs

166        to follow up on the Psychiatrist-in-Charge's orders if it means that they will

167        perjure themselves under the penalty of felony and face losing their licenses.

168   27. On November 26, 2018, Federal defendant Patrowsky called DFCS social worker

169        Federal defendant Mayra Alvarez to remove Plaintiff's children.

170   28. Federal defendant Alvarez lied about LF, KF, MF, and RSF being home by

171        themselves when the police found the children at Plaintiff's Bella Villaggio

172        apartment with Martin and Emily Shiang which the police report reflected

173        accordingly. Alvarez deliberately arranged the conditions, so when such

174        conditions looked worse than they really were; Federal defendant tampered with

175        evidence in flagrant violation of the predicate act of obstruction of justice under

176        18 U.S.C. 1961, *et seq.* Federal defendant Alvarez blamed the children for not

177        opening the door and not complying with authorities, when the peep hole camera

178        recorder showed that Alvarez used her palm to cover the camera, not allowing

179        the LF, KF, MF, and RSF to know what was going on or who it was.

180   29. Federal defendant Alvarez rushed to Plaintiff's residence when and was held

181        involuntarily at the hospital ward. Alvarez removed her prizes – an Asian baby

182    in high demand for adoption and a 13-year-old girl ideal to medicate in

183    preparation for sex trafficking; the police explained to Martin and Emily Shiang

184    that they must remove the children because the CPS said so.

185    30. On November 28, 2018, Federal defendant Arthur Gee-Yeh Tan told Plaintiff

186    that he is the court appointed attorney, that he wants Plaintiff to deal with Federal

187    defendant Hawkinson herself, and that "my client, submits to everything in the

188    petition" or words to that effect; Plaintiff was coerced.

189    31. That is, in court, Federal defendant Tan told the court that Plaintiff submits to

190    everything Federal defendant Hawkinson wrote up on the Feng family. Tan said,

191    "do not say a thing" in court, "I will handle this the right way," or "you won't get

192    your kids back;" Plaintiff was extorted.

193    32. Without Plaintiff's authorization, Federal defendant Tan told the court that

194    Plaintiff "submits" repetitively, to the false petition from social service; Plaintiff

195    had previously told Tan that everything written in the petition is outrageous,

196    unfounded, and not true; Tan constructively tampered with testimony in flagrant

197    violation of the predicate act of witness tampering under 18 U.S.C. 1961, *et seq.*

198    33. Federal defendants Tan and Hawkinson continue to disregard anything Plaintiff

199    said  that continued to force the separation of vital care to LF, KF, MF, and RSF

200    and forced them into inhumane shelter and abusive foster homes.

34. Without authorization, Federal defendant Tan supports any and everything Federal defendant Hawkinson wants including fraudulent claims that "the mother was hallucinating and paranoid." On October 5, 2018, Federal defendant Tan continued attacking Plaintiff with the allegations and demanded she receive therapy; this alone indicates Federal defendants Tan and Hawkinson's malicious and fraudulent intentions.

35. Federal defendant Tan did not pursue "Emergency Waivers" thereby forfeiting the right to have LF, KF, MF, and RSF returned immediately when proven that the allegations were doubtful; Plaintiff was brought into a "six month review" process in court proceedings that delays family reunification.

36. On November 28, 2018, Federal defendant Hawkinson doctored his first Petition versus his second Petition in December 2018 in flagrant violation of the predicate action of obstruction of justice under the Civil RICO statute; for example, the discharge papers from the Crestwood Psychiatric facility (the mental ward) in Santa Clara, that said Plaintiff has no diagnosis to a crossed out, hand-written-in "psychosis" as diagnosis attached herein as Exhibit "A". Federal defendant Hawkinson altered the ward papers on his own accord.

37. Federal defendant Hawkinson managed to write hundreds of pages of repetitive cut and paste stories and templates filling out the Feng family names into his piles of petition at every court date.

221    38. Before November 28, 2018, Plaintiff had never met, known, or heard of Federal

222    defendant Hawkinson. From November 27, after CPS removed LF, KF, MF, and

223    RSF from their home, Hawkinson managed to come up with over a hundred pages

224    of allegations against Plaintiff within 24 hours; the only conclusion Plaintiff can

225    make it that Federal defendant Brian Hawkins is the DFCS "fixer." Hawkinson's

226    allegations are profoundly outrageous and unfounded. Hawkinson does not know

227    Plaintiff, or LF, KF, MF, and RSF.  On November 25, 2018 Plaintiff discovered

228    that federal Brian Hawkinson had a B.A. in History and English Literature, had

229    no medical degrees that precludes him from doctoring medical reports and puts

230    him in the position of practicing medicine without a license. Federal defendant

231    Hawkinson is the DFCS "fixer."

232    39.  On December 3, 2018, true to form as the DFCS "fixer," Federal defendant

233    Hawkinson demanded that Plaintiff consent to the adoption of LF, KF, MF, and

234    RSF.

235    40.  From November 2018 through March 2, 2019, Hawkinson mistreated and

236    tortured LF, KF, MF, and RSF, and when MF tried to stand up for himself and

237    the sisters, Federal defendant Hawkinson locked MF in a room and forced him

238    into treatments saying that MF was rude instead of expressing the truth of how

239    Hawkinson manipulated the situation to have the vulnerable and defenseless LF,

240    KF, MF, and RSF forced into mental issues categorization when they do not have

11

241     any issues.   Federal defendant Hawkinson is the Santa Clara County DFCS

242     "fixer."

243   41.   Hawkinson tampered with witnesses and obstructed justice when he called all

244     of my witnesses and family supporters to tell them we are all mental and that if

245     they took us in or help us, that it will be 18 long years and that if anyone wants

246     to be our supporters, would be exposed to the tax authorities, medical authorities,

247     and any other departments, anytime, for the entire duration of 18 years in flagrant

248     violation of the civil RICO Statute predicate acts of witness tampering,

249     obstruction of justice, and extortion.

250   42. Brian Hawkinson ended up approving Martin and Emily Shiang, and their 4

251     bedrooms, 2 bathrooms home for the 4 children after four long months of grueling

252     and ever-demanding instructions to Martin and Emily Shiang.

253   43.   Brian Hawkinson did not allow phone time (suspended for no reason since

254     December 12 2018), never any video time, and even visitation times were heavily

255     contaminated as Plaintiff would wait on many different days and hours without

256     LF, KF, MF, and RSF being bought to the visit location.

257   44. In January 2019, due to ongoing court dates and distance for Plaintiff's witnesses

258     primarily located in San Francisco, Plaintiff relocated to San Mateo to make it

259     easier for witnesses to spend the night with Plaintiff, stay-over and then travel

260     together to Santa Clara Superior Court.

45. Federal defendant Hawkinson disapproved of Plaintiff's Santa Clara residence at Bella Villaggio then, in February of 2019, Brian Hawkinson disproved my San Mateo apartment as well, and demanded that Plaintiff cannot live close to San Francisco if the children will be placed with Martin and Emily Shiang's home in San Francisco. Federal defendant Hawkinson is the DFCS "fixer" in Santa Clara County.

46. Suddenly, in March of 2019, Federal defendant Hawkinson announced that Plaintiff has to live in San Francisco County in order to have my file transferred to San Francisco. Without Plaintiff's file being in San Francisco, Martin and Emily Shiang must travel to wherever Plaintiff resides or wherever Federal Defendant Hawkinson demands for visitation every day at nine hours daily.

47. However, Federal defendant Amy Yim did not approve of Plaintiff's shared Filmore Street location.

48. Plaintiff then completed her fifth move in five months to 1834 9th Avenue, San Francisco, where Federal defendant Yim disapproved of Plaintiff living with others and will receive support from friends. Amy Yim insists Plaintiff live by herself. Amy Yim is the "fixer" in San Francisco County with surprising animosity towards a fellow Asian.

49.     Federal defendant Hawkinson did not allow Plaintiff to feed RF breast milk, causing deprivation to RF notwithstanding that it is lawful with notices posted

281    across the agency that breastfeeding is legal, but Federal defendant Hawkinson

282    came up with a litany of reasons why Plaintiff is not supposed to feed her or give

283    her RF any pumped milk. Federal defendant Hawkinson is the "fixer" in Santa

284    Clara County that prevents family reunification.

285   50. Federal defendant twists all situation making everything sound negative, and

286    tried to alter the previous Santa Clara Superior Court's order and retry it in San

287    Francisco.  Federal defendant Yim also tried to manipulate the relationships

288    between Plaintiff and her support network including LF, KF, MF, RSF, friends,

289    my lawyer, teachers, police, by telling them plaintiff is schizophrenic without

290    basis. .

291   51.    Federal defendant Yim has been inconsistent, irresponsible, non-credible,

292    malicious, delusional, manipulative, and fraudulent.  Yim is the DFCS "fixer" in

293    San Francisco County with surprising animosity towards a fellow Asian.

294   52.    Federal defendant Yim's conduct has caused Plaintiff irreparable harm to her

295    family and her business. Plaintiff is ostracized in the community as a result of

296    Federal defendant Yim.

297   53. On September 24, 2019, Federal defendant Yim filed Juvenile Dependency court

298    petition.

299   54. On August 23, 2019, Federal defendant Yim concocted an entrapment scheme

300    where the children have an appointment for immunization shots, but were not

301   allowed to go because Yim said so, and then later had to get a night-time

302   appointment, where Federal defendant Yim further pretended she had no

303   knowledge about it and then called the police to place Plaintiff under arrest for

304   not having LF, KF, MF, and RSF home earlier.

305   55. Federal defendant Yim made up an outrageous story about no one being

306   "approved" suddenly to watch LF, KF, MF, and RSF over five months of

307   interaction with many.

308   56. Federal defendant Amy Yim is a "master fixer" for DFCS in San Francisco

309   County with surprising animosity towards a fellow Asian.

310   57. Yim, instead of allowing Plaintiff to sit for an objective, ethical, non-conflict of

311   interest or non-exploitative psychiatric evaluation, Federal defendant Yim

312   arranged to have Plaintiff take a 730 Evaluation with her network.

313   58. Dr. Amy Watt who is a psychologist and not a psychiatrist, asked leading

314   questions which taints the entire test, thus producing an inaccurate report that is

315   intentionally meant to support the manipulations of Federal defendant Yim.

316   59. Federal defendant Amy Yim refused to accept, acknowledge, or consider any

317   evaluations that are objective and non-tainted by Amy Yim herself, or Federal

318   defendant Brian Hawkinson the DFCS "fixer" in Santa Clara County who double

319   teams Plaintiff along with DFCS "master fixer" in San Francisco County.

15

320   60. As prescribed by the DHS to go through as case planning, Plaintiff has had eight

321      weeks of personal interaction and by July 24, 2019 has successfully completed

322      the class.

323   61. Not surprisingly, on August 28, 2019, DFCS "master fixer "in San Francisco

324      County, Amy Yim, told San Francisco Superior Court that Plaintiff never

325      participated in case planning and does so without remorse towards a fellow

326      Asian.

327   62. The shocking, arbitrary, and egregious conduct of the Federal defendants in

328      general and DFCS "fixer" Hawkinson in Santa Clara County and DFCS "master

329      fixer" Amy Yim in San Francisco County in particular from November 2018 to

330      even date below led to this Complaint, *res ipsa loquitur*.

331   **42 U.S.C. 1983 – LEGAL STANDARD**

332   63. 42 U.S.C. §1983 provides in pertinent part:

333      Every person who, under color of any statute, ordinance, regulation, customer
334      usage, of any State or Territory or the District of Columbia, subjects, or causes
335      to be subjected, any citizen of the United States or other person within the
336      jurisdiction thereof to the deprivation of any rights, privileges, or immunities
337      secured by the Constitution and laws, shall be liable to the party injured in an
338      action at law, suit in equity, or other proper proceeding for redress.

339   64. The elements of a §1983 claim are:

340         a. a "person";

341         b. acted under "color of law"; and

16

342        c.   deprived another person of a constitutional right.

343   65. A State is not a person under 42 U.S.C. §1983, but a City is a person under the

344      law (*Will v. Michigan Department of State Police* 49 US 58 109 S. Ct. 401 2304

345      105 394 L. Ed 2d 45 [1989]).

346   66. State or City officials acting in their official capacities are not persons under

347      U.S.C. §1983, but State or City officials acting in their individual capacities are

348      persons under the law.

349   67. Federal defendants Hawkinson, Yim, County No.1, County No. 2, Mayra

350      Alvarez, and Rosen are persons.

351   68. Federal defendant Hawkinson is a person who acted "under color of state law"

352      when he filed frivolous Petitions that caused the removal of LF, KF, MF, and

353      RSF from their home.

354   69. Thus, Plaintiff maintains that liability under §1983 has been established as:

355          a. Federal defendants Hawkinson, Yim, Alvarez, Rosen, County

356            No. 1, and County No 2. were on duty;

357          b. Federal defendants Hawkinson, Yim, Alvarez, Rosen, County

358            No. 1, and County No 2. hold themselves out as public officials;

359          c. Federal defendant Alvarez invoked the authority of her office

360            and in her individual capacities when they caused the removal of

361            LF, KF, MF, and RSF from their home;

70. Plaintiff further maintains that liability under §1983 has been established as Plaintiff alleges facts that plausibly give rise to claims that his injuries were caused by a policy or custom of County as follows:

    a. In Re Baby Boy Ward, after a stake out of a Mother's recovery room, a new born baby was removed;

    b. In Re child of Veronica Rezentes who complied with a Court order to deliver such child to a biological father which had a past history as a sex offender and such child was removed;

    c. In Re child of Justin Banta whose child was coerced into telling untruths about her father, later recanted, but was still the subjected of removal;

    d. Plaintiff could go on and on.

## FOURTEENTH AMENDMENT – LEGAL STANDARD
## <u>Due Process Clause</u>

71. Section One of the Fourteenth Amendment to the United States Constitution provides:

    [N]or shall any State deprive any person of life, liberty, or property, without due process of law.

72.   In the past thirty-five years, the case law reads and is authority that:

18

a. It is well settled that parents have a substantive due process right to the custody of their children and, except in emergency circumstances, a procedural due process right to a pre-deprivation child custody hearing.

b. The Fourteenth Amendment imposes a requirement that except in emergency circumstances, judicial process must be accorded both parent and child before removal of the child from his or her parent's custody may be effected.

c. "[A] parent may . . . bring suit under a theory of violation of his or her right to substantive due process . . .. Parents have a 'substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the awesome power of the state.'") (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999) (second alteration in original)); *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011); and

d. "The interest of natural parents 'in the care, custody, and management of their child' is a 'fundamental  liberty  interest protected by  the Fourteenth Amendment.'" (quoting *Santosky v. Kramer*, 455 U.S. 745, 483 753 (1982)).

401   73.   In stating a claim of a violation of procedural due process, Plaintiff

402   alleges:

403   (1) the existence of a property or liberty interest that was deprived (the liberty

404   and property that was lost by a warrantless, unlawful seizure without a court order)

405   and   (2)  deprivation  of  that  interest  without  due  process  as  a  result  of  witness

406   tampering, obstruction of justice, extortion, and a civil conspiracy to cover it up (the

407   lack of any non-tarnished fact finding hearing since the inception of this matter).

408   74.   In stating a claim of a violation of substantive due process, Plaintiff alleges

409   that: (1) she had a valid property or liberty interest (the biological mother of the

410   unlawfully seized LF, KF, MF, and RSF), and (2) that interest was infringed upon

411   in an arbitrary or irrational manner (the arbitrary allegation of "neglect") contrary to

412   the legal standard of neglect defined as:

413   Any recent act or failure to act on the part of a parent or caretaker
414   which results in death, serious physical or emotional harm, sexual
415   abuse or exploitation"; or

416   An act or failure to act which presents an imminent risk of serious
417   harm."

418   (see 42 U.S.C.A. § 5106g).

419

420   75.   Further, Plaintiff maintains that, quoting *Tenenbaum*, that the seizure, under

421   unlawful circumstances (no warrant and no Court order), of LF, KF, MF, and

422   RSF "was 'so shocking, arbitrary, and egregious that the Due Process Clause

20

423     would not countenance it even where it accompanied by full procedural

424     protection.'" *Cox v. Warwick Valley Cent. Sch. Distr.,* 654 F.3d 267, 275 (2d Cir.

425     2011) (quoting *Tenenbaum,* 193 F.3d at 600):

426          a.   So shocking in that the Hawkinson Petitions were revised 5 times

427               with the final one amounting to a 126 page report and proceeded

428               under an unconstitutional standard (see *Santorsky v. Kramer* 455

429               (1982) that requires the clear and convincing standard as opposed

430               to the preponderance of evidence standard);

431          a.   So arbitrary and without Plaintiff's authorization, Federal

432               defendant Tan told the court that Plaintiff "submits" repetitively,

433               to the false petition from DFCS; Plaintiff had previously told Tan

434               that everything written in the petition is outrageous, unfounded,

435               and not true; Tan constructively tampered with testimony in

436               flagrant violation of the predicate act of witness tampering under

437               18 U.S.C. 1961, et seq.

438          b.   So egregious in the glaring, flagrant actions of Federal

439               defendants, where proceeding under the preponderance of

440               evidence standard, Federal defendant Rosen had no subject

441               matter jurisdiction at all.

21

442  76.     As a result, by a. to c. above, Plaintiff has suffered the shock of her conscience

443         that persists to this day.

444  77. Plaintiff was singled out and discriminated against for the reason that Plaintiff is

445       a physically attractive, Asian American woman, the proprietor of a vast

446       commercial real estate empire looked upon with envy by her adversaries, and the

447       Federal defendants treated Plaintiff differently than others who were similarly

448       situated (see *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985);

449       *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, 160 F. Supp. 2d 570, 578

450       (S.D.N.Y. 2001), and *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

451  **18 U.S.C. 1961, et seq. – LEGAL STANDARD**

452

453  78.     Plaintiff alleges that according to 18 U.S.C. 1961, et seq. (the "RICO

454       Statute"), and shows by a preponderance of the evidence, that there exists a

455       racketeering Enterprise in California that consists of: County of Santa Clara,

456       County of San Francisco, DFCS, Superior Court of California County of Santa

457       Clara and San Francisco, a Family Court Judge, DFCS social workers, and a

458       Ph.D. level psychiatrist. Plaintiff alleges and shows with a preponderance of the

459       evidence that social workers, a judge, and a psychiatrist conspire and collaborate

460       to concoct fictitious instances of child neglect contrary to the legal standard for

461       significant profit as a result of wrongful adoption and sex trafficking.

462 79. Traditional RICO Statute predicate acts are contained herein and include: (i)

463     witness tampering; (ii) obstruction of justice; (iii) extortion; and (iv), a civil

464     conspiracy to cover up witness tampering and obstruction of justice. These

465     predicate acts are pled with specificity in the instant action.

466 80. The RICO Statute contains a provision that allows for the commencement of

467     a civil action by a private party to recover damages sustained as a result of the

468     commission of a RICO predicate offense(s). The RICO Statute also permits  a

469     private individual "damaged in his business or property" by a "racketeer" to file

470     a civil suit where the term "property" is construed to mean tanglible or intangible

471     property. The plaintiff must prove the existence of an "enterprise", and Plaintiff

472     proves with a preponderance of the evidence of the existence of such an

473     enterprise among the California County of Santa Clara, County of San Francisco,

474     a Family Court Judge, DFCS social workers, and a Ph.D. level psychiatrist. As

475     pled elsewhere in the instant action, the connections among these parties proves

476     the existence of an "enterprise."

477 81. Plaintiff shows with specificity at least one of four specified relationships

478     between the defendant(s) and the Enterprise: either the defendant(s) invested the

479     proceeds of the pattern of racketeering activity into the Enterprise (18 U.S.C. §

480     1962(a)); or the defendant(s) acquired or maintained an interest in, or control of,

481     the Enterprise through the pattern of racketeering activity (subsection (b)); or the

482      defendant(s) conducted or participated in the affairs of the Enterprise "through"

483      the pattern of racketeering activity (subsection (c)); or the defendant(s) conspired

484      to do one of the above (subsection (d)). The Enterprise is either the 'prize,'

485      'instrument, 'victim,' or 'perpetrator' of the racketeers. A Civil RICO action can

486      be filed in Federal court.

487   82. The civil component allows the recovery of treble damages (damages in triple the

488      amount of actual/compensatory damages) and by Count Three and Judgment

489      Requested, Plaintiff demands treble damages in the amount of Seven Hundred

490      and Fifty Million Dollars ($750,000,000).

491   **Predicate Act: Witness Tampering**

492   83. 18 U.S. Code § 1512 (b) provides:

493      Witness tampering is the act of attempting to alter or prevent the testimony of
494      witnesses within criminal or civil proceedings. Laws regarding witness
495      tampering also apply to proceedings before Congress, executive departments, and
496      administrative agencies. To be charged with witness tampering in the United
497      States, the attempt to alter or prevent testimony is sufficient. There is no
498      requirement that the intended obstruction of justice be completed.
499

500   84. Hawkinson tampered with witnesses and obstructed justice when he called all of

501      my witnesses and family supporters to tell them we are all mental and that if they

502      took us in or help us, that it will be 18 long years and that if anyone wants to be

503      our supporters, would be exposed to the tax authorities, medical authorities, and

504      any other departments, anytime, for the entire duration of 18 years, Hawkinson

505      tampers with a witness.

85. Without Plaintiff's authorization, Federal defendant Tan told the court that Plaintiff "submits" repetitively, to the false petition from social service; Plaintiff had previously told Tan that everything written in the petition is outrageous, unfounded, and not true; Tan constructively tampered with testimony.

86. Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to (1) influence, delay, or prevent the testimony of any person in an official proceeding...;

87.   18 U.S. Code § 1512 (c) (2) provides:

> Whoever corruptly-otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so...

88.   18 U.S. Code § 1512 (e) provides:

> In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

89.   18 U.S.C. § 1515 (3) provides:

> the term "misleading conduct" means-knowingly making a false statement; (A) knowingly making a false statement (B) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement...(E) knowingly using a trick, scheme, or device with intent to mislead;

90.   18 U.S.C. § 1515 (b) provides:

25

532          (b) As used in §1505, the term "corruptly" means acting with an
533          improper purpose, personally or by influencing another, including
534          making a false or misleading statement, or withholding, concealing,
535          altering, or destroying a document or other information

536     **Discussion**

537   91.   The facts of the instant action make it abundantly clear that Federal defendant

538     Hawkinson knowingly, corruptly persuaded Plaintiff's witnesses and family

539     supporters to tell them we are all mental and that if they took us in or help us, that

540     it will be 18 long years and that if anyone wants to be our supporters, would be

541     exposed to the tax authorities, medical authorities, and any other departments,

542     anytime with the intent to (1) influence, delay, or prevent the testimony of

543     witnesses to aid in the defense of Plaintiff in an official proceeding. Federal

544     defendant Hawkinson committed witness tampering under 18 U.S.C. §1512.

545   92.   Federal defendant Hawkinson simply asked Plaintiff's witnesses and family

546     members to tell less than the whole truth and Plaintiff's witnesses and family

547     members knew that they were being asked to tell less than the whole truth,

548     therefore Federal defendant Hawkinson corruptly persuaded the witnesses and is

549     a violation of the laws, *res ipsa loquitur*, and has harmed Plaintiff and the injury

550     was caused by the violation of 18 U.S.C. §§ 1961, *et seq.*

551   **<u>Predicate Act: Obstruction of Justice</u>**

552

553   93.   Federal defendant Alvarez deliberately arranged the conditions, so when such

554        conditions looked worse than they really were; Federal defendant tampered with

555        evidence in flagrant violation of the predicate act of obstruction of justice that

556        allowed the Federal defendant(s) to invested the proceeds of the pattern of

557        racketeering activity into and fund the Enterprise (see 18 U.S.C. §1962(a)).

558   94.  In fact, by implication in the instant action, the Federal defendants meet all four

559        of the specified relationships of par. 61: they funded the Enterprise; the Federal

560        defendants acquired and maintained an interest in the Enterprise through the

561        pattern of racketeering activity; the Federal defendants conducted or participated

562        in the affairs of the Enterprise through the pattern of racketeering activity; and

563        conspired to do one of the aforementioned, *res ipsa loquitur.*

564   95.  18 U.S. Code § 1503 provides:

565        Whoever corruptly...endeavors to influence, obstructs, or impedes, or
566        endeavors to influence, obstruct, or impede, the due administration of justice.
567

568   96.  Federal  defendant  Alvarez tampered with evidence that cast an unwarranted

569        negative light upon Plaintiff, thereby usurping the power of the courts, and

570        resulted in obstruction of justice.

571   **Discussion**

572   97.   18 U.S.C. §1515 states:

573      ...the term "corruptly" means acting with an improper purpose, personally or
574      by influencing another, including making a false or misleading statement, or
575      withholding, concealing, altering, or destroying a document or other
576      information.

577    98.     Plaintiff states, by the facts of the instant action make it abundantly clear that

578      Federal defendant Alvarez deliberately arranged the conditions, so when such

579      conditions looked worse than they really were; Federal defendant tampered with

580      evidence In doing so, Federal defendant Alvarez committed obstruction of justice

581      under Section 1503.

582    **Predicate Act: Extortion**

583    99.     Federal defended Hawkinson extorted when he called all of Plaintiffs my

584      witnesses and family supporters to tell them we are all mental and that if they

585      took us in or help us, that it will be 18 long years and that if anyone wants to be

586      our supporters, and threatened them with exposure to the tax authorities, medical

587      authorities, and any other departments, anytime, for the entire duration of 18

588      years and allowed the Enterprise to invest such sums in the proceeds of the pattern

589      of racketeering activity into and fund the Enterprise (see 18 U.S.C. § 1962(a)).

590    100.     Extortion is defined as the obtaining of property from another with his

591      or her consent, by the wrongful use of either force or fear, or under color of

592      official right. The property or right to property must be obtained. This can be

593      either the property itself or the right to it.

594    101.     Property rights that can be transferred to constitute extortion.

595            a. The right to prosecute a lawsuit or an appeal;

596            b. Obtaining an official act of a public officer can be the basis of

597               extortion.

598 102.      If a person makes an extortionate demand in writing he/she may guilty

599    even if the victim parts with no property.

600 103.      Any person who, by use of improper threat, another person's signature on

601    any document gets giving a property right may be charged with extortion even if

602    the property right is never actually obtained.

603 **Discussion**

604

605 104.      Plaintiff alleges that Hawkinson extorted when he called all of

606    Plaintiff's witnesses and family supporters to tell them we are all mental and that

607    if they took us in or help us, that it will be 18 long years and that if anyone wants

608    to be our supporters, would be exposed to the tax authorities, medical authorities,

609    and any other departments, anytime, for the entire duration of 18 years.

610 105.   Federal defendant Hawkinson induces Plaintiff's witnesses to provide that

611    property under color of official right.

612 106.   Where Plaintiff sees that there has been no progress toward reunification, the

613    implication is that Federal defendants will seek further legal intervention against

614     Plaintiff (termination of parental rights) and directing HP and KP to out of state

615     adoption should Plaintiff not acceded to her demands.

616     **Predicate Act: Conspiracy to Cover-up Witness Tampering and Obstruction of**

617     **Justice**

618

619     107.     42 U.S.C. § 1985 provides:

620     If two or more persons in any State or Territory conspire to deter, by force,
621     intimidation, or threat, any party or witness ... from attending such court, or
622     from testifying to any matter pending therein, freely, fully, and truthfully, or
623     to ... to influence the verdict, presentment, or indictment of any grand or petit
624     juror in any such court, or to injure such juror in his person or property on
625     account of any verdict, presentment, or indictment lawfully assented to by
626     him, or of his being or having been such juror; or if two or more persons
627     conspire for the purpose of impeding, hindering, obstructing, or defeating, in
628     any manner, the due course of justice in any State or Territory, with intent to
629     deny to any citizen the equal protection of the laws, or to injure him or his
630     property for lawfully enforcing, or attempting to enforce, the right of any
631     person, or class of persons, to the equal protection of the laws.

632     **Discussion**

633     108.     It will be established during Discovery that the Federal defendants,

634     *inter alia*, Hawkinson, Yim, and Alvarez persuaded Plaintiff's witnesses to make

635     false statements of fact.

636     109.  In doing so, Hawkinson, Yim, and Alvarez inspired and provided a

637     mechanism to the Federal defendants to create a conspiracy to cover up witness

638     tampering and obstruction of justice in her trial proceedings.

639   **FEDERAL DEFENDANTS BRIAN HAWKINSON, AMY YIM, MAYRA**
640   **ALVAREZ ARE NOT ENTITLED TO QUALIFIED IMMUNITY**

641

642   110.   The United States Supreme Court has stated that qualified immunity is the

643   norm, absolute immunity is the exception (*Harlow v. Fitzgerald*, 457 U.S. 750

644   800, 807, 810-11 (1982).

645   111.   In Balcerzak, Stephanie E. "Qualified Immunity for Government Officials:

646   The Problem of Unconstitutional Purpose in Civil Rights Litigation. 95, No. 1

647   (Nov. 1985) pp. 126-147. The Yale Law Journal, the author stated:

648   In Harlow, the Supreme Court fundamentally altered the qualified
649   immunity defense available to an official charged with a constitutional
650   violation in a civil rights action for damages. Under Harlow, an official is
651   entitled to immunity unless his conduct violates a "clearly established"
652   constitutional right.

653   112.   All constitutional rights are expressly stipulated and written in the U.S.

654   Constitution, which is the supreme law of the land, meaning that any other laws

655   which are in contradiction with it are considered unconstitutional and thus

656   regarded as invalid.

657   113.   The Fourteenth Amendment to the U.S. Constitution provides:

658   [N]or shall any State deprive any person of life, liberty, or property,
659   without due process of law.
660   114.   Then, while not a constitutional right, but important nonetheless, there is:

661   42 U.S.C. §1983 which provides in pertinent part:

662

663  Every person who, under color of any statute, ordinance, regulation, custom
664  or usage, of any State or Territory or the District of Columbia, subjects, or
665  causes to be subjected, any citizen of the United States or other person within
666  the jurisdiction thereof to the deprivation of any rights, privileges, or
667  immunities secured by the Constitution and laws, shall be liable to the party
668  injured in an action at law, suit in equity, or other proper proceeding for
669  redress.

670  115.  Respectfully, no matter what qualified immunity defense that Federal

671  defendants Hawkinson, Alvarez, and Yim try to employ there is no getting around

672  the Fourteenth Amendment, *Harlow*, and §1983..

673  116.  No matter what road block the State of California tries to erect in Social

674  Services Laws to protect its social workers, the Fourteenth Amendment, *Harlow,*

675  and §1983 remains to subject every person to its provisions, Supremacy Clause,

676  Article Six, Clause 2 of the U.S. Constitution that establishes the U.S.

677  Constitution, trumps the State laws.

678  **FEDERAL DEFENDANT ROSEN IS NOT ENTITLED TO ABSOLUTE**
679  **JUDICIAL IMMUNITY**

680

681  117.  In *Mirales v. Waco* 502 U.S. 9 (1991), the U.S. Supreme Court stated "…our

682  cases make clear that the immunity is overcome in only two sets of

683  circumstances.  First, a judge is not  immune  from liability for nonjudicial

684  actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White*,

685  484 U.S., at 227 -229; *Stump v. Sparkman*, 435 U.S., at 360 [502 U.S. 9, 12]

686  Second, a judge is not immune for actions, though judicial in nature, taken in the

687   complete absence of all jurisdiction. Id., at 356-357; *Bradley v. Fisher*, 13 Wall.,

688   at 351."

689   118.   Respectfully, no matter what qualified immunity defense that Federal

690   defendant Rosen tries to employ there is no getting around the Fourteenth

691   Amendment, *Harlow*, §1983, and *Mirales*.

692   119.   No matter what road block the State of California tries to erect in Social

693   Services Laws to protect its social workers, the Fourteenth Amendment, *Harlow*,

694   and §1983 remains to subject every person to its provisions, Supremacy Clause,

695   Article Six, Clause 2 of the U.S. Constitution that establishes the U.S.

696   Constitution, trumps the State laws.

## CONCLUSION

698   120.   As opposed to burdening the District Court by submitting 100 pages of

699   attachments, Plaintiff will supply all that and more in Discovery. Therefore, there

700   are no conclusory statement in the instant action, *res ipsa loquitur*.

## COUNT ONE

## VIOLATION OF 42 U.S.C 1983

703   (Federal Defendants County of Santa Clara, County of San Francisco, Brian
704   Hawkinson, Amy Yim, Mayra Alvarez, and Amber Rosen)

705

706   121.        Plaintiff repeats and realleges each and every allegation contained in

707   paragraph "16" through "120" as though fully set forth herein.

708  122.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to

709      suffer injury and monetary damages, and that Plaintiff is entitled to damages

710      sustained to date and continuing in excess of the amount of **TWO HUNDRED**

711      **AND MILLION DOLLARS** ($200,000,000) as well as punitive damages, costs,

712      and attorney's fees.

### COUNT TWO

### VIOLATION OF FOURTEENTH AMENDMENT

715      (Federal Defendants County of Santa Clara, County of San Francisco, Anna
716  Pawtrosky, Ph.D., Brian Hawkinson, Arthur Gee-Yee Tan, Amy Yim, Mayra
717  Alvarez, and Amber Rosen)

718  123.      Plaintiff repeats and realleges each and every allegation contained in

719      paragraph "16" through "120" as though fully set forth herein.

720  124.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to

721      suffer injury and monetary damages, and that Plaintiff is entitled to damages

722      sustained to date and continuing in excess of the amount of **TWO HUNDRED**

723      **AND FIFTY MILLION** ($250,000,000) as well as punitive damages, costs, and

724      attorney fees.

### COUNT FOUR

### VIOLATION OF 18 U.S.C 1961, et seq,

727      (Federal Defendants County of Santa Clara, County of San Francisco, Anna
728      Pawtrosky, Ph.D., Brian Hawkinson, Arthur Gee-Yee Tan, Amy Yim. Mayra
729                  Alvarez, and Amber Rosen)

730  125.         Plaintiff repeats and realleges each and every allegation contained in

731       paragraph "16" through "120" as though fully set forth herein

732  126.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to

733       suffer injury and monetary damages, and that Plaintiff is entitled to damages

734       sustained to date and continuing in excess of the amount of **TWO HUNDRED**

735       **AND FIFTY MILLION** ($250,000,000) as well as treble damages, punitive

736       damages, costs, and attorney fees.

737  **WHEREFORE**, a judgment is respectfully demanded:

738            a. Awarding against the individually named Federal defendant such

739               compensatory damages as the jury may impose, but not less than **SIX**

740               **HUNDRED AND FIFTY MILLION DOLLARS** ($650,000,000);

741            b. Awarding against the individually named Federal defendant such

742               punitive damages as the jury may determine, but not less than such

743               punitive damages as the jury may impose, but not less than **SIX**

744               **HUNDRED AND FIFTY MILLION DOLLARS** ($650,000,000);

745            c. Permanently enjoining the Federal defendants County of Santa Clara,

746               County of San Francisco, Anna Patrowsky Ph.D., Brian Hawkinson,

747               Arthur Gee-Yee Tan, Amy Yim, Mayra Alvarez, and Amber Rosen

748               from further violation of of 42 U.S.C. §1983, violation of the

749               Fourteenth Amendment, and violation of 18 U.S.C. 1961, et seq.,

750          d.  Awarding reasonable attorney's fees and costs; and,

751          e.  Granting such other and further relief as this Court deems just and

752              proper.

753  JURY TRIAL IS DEMANDED

754  Plaintiff demands a trial by jury on all claims so triable.

755  Dated: October 22, 2019
756  San Francisco, Cal.

757  For Plaintiff:

758

759

760

761  Karena A. Feng

762

763

764

765

766

767

768

769

770

771

772

773

774

775
776
777
778
779
780
781
782
783
784
785
786
787
788          **EXHIBIT "A"**
789
790
791
792
793
794
795
796
797
798
799

**PSYCHIATRIST DISCHARGE SUMMARY - V 2**

| Resident: Feng, Karena (1157-002569) | Effective Date: 11/28/2018 15:52 |
|---|---|

## GENERAL MEDICAL FINDINGS

1. Medical findings

   none acute

2. Allergies

   No Known Allergies

## D.  PSYCHOLOGICAL TESTING

1.  ☐  NONE

2. Describe, if any

## E.  LABS

1. Labs

   no new labs

2. PPD

## F.  DISCHARGE DIAGNOSIS BY PHYSICIAN

1. Diagnosis

   unspecified ~~mental disorder~~ ~~Suam~~   *Psychosis Disorder*

## G.  DISCHARGE MEDICATIONS

1. Discharge medications

2. Long acting medication and next due date

## H.  DISPOSITION

1. Disposition

   will be discharged home . patients gaurdian will take the patient home .Address 383 Vista Roma Way Apt # 212 San Jose gaurdian David Chee tel # 408 66068883

2. Out-patient care (psych, med, other)

   will be arranged by the family.

| Signed By | Signed Date |
|---|---|
| Syed Munir, MD [e-SIGNED] | 11/28/2018 |

Page 2 of 2

**PSYCHIATRIST DISCHARGE SUMMARY - V 2**

| Resident: Feng, Karena (1157-002569) | Effective Date: 11/28/2018 15:52 |
|---|---|

**C.  GENERAL MEDICAL FINDINGS**

  1. Medical findings

   none acute

  2. Allergies

  No Known Allergies

**D.  PSYCHOLOGICAL TESTING**

  1.  ☐  NONE

  2. Describe, if any

**E.  LABS**

  1. Labs

   no new labs

  2. PPD

**F.  DISCHARGE DIAGNOSIS BY PHYSICIAN**

  1. Diagnosis

   unspecified mental disorder

**G.  DISCHARGE MEDICATIONS**

  1. Discharge medications

  2. Long acting medication and next due date

**H.  DISPOSITION**

  1. Disposition

   will be discharged home . patients gaurdian will take the patient home .Address 383 Vista Roma Way Apt # 212 San Jose gaurdian David Chee tel # 408 66068883

  2. Out-patient care (psych, med, other)

   will be arranged by the family.

**Signed By**                                                                           **Signed Date**

Syed Munir, MD [e-SIGNED]                                              11/28/2018

Karena A. Feng
1995 34th Avenue
San Francisco, Cal. 94116
Tel. 650-350-9088
Email: afengre@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KARENA A. FENG | |
| Plaintiff, | CASE NO.: |
| v. | DECLARATION IN SUPPORT OF COMPLAINT |
| COUNTY OF SANTA CLARA, et al. | |
| Defendants. | |
| JURY TRIAL DEMANDED | |

I, KARENA A. FENG, declare under the penalty of perjury under the laws of the United States of America as follows:

1. My name is Karena A. Feng.  I am over the age of eighteen, am of sound mind, and am capable of making this declaration. The facts stated herein of my personal knowledge and are true and correct.

2. I declare under the penalty of perjury that the foregoing Complaint is true and correct on this 22nd day of October 2019.

Dated: October 22, 2019
San Francisco, Cal.


For Plaintiff

1

Karena A. Feng

2

JS-CAND 44 (Rev. 07/19)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Karena A. Feng

**DEFENDANTS**
County of Santa Clara, County of San Francisco, Anna Patrowsky, Brian Hawkinson, Arthur Tan, Mayra Alvarez, Amber Rosen, Amy Yim, John Doe, and Jane Doe

**(b)** County of Residence of First Listed Plaintiff  San Francisco
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Santa Clara
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff      ☒ 3  Federal Question
                                    *(U.S. Government Not a Party)*

2  U.S. Government Defendant      4  Diversity
                                    *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | **PERSONAL INJURY** | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury – Product Liability | **LABOR** | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 720 Labor/Management Relations | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 368 Asbestos Personal Injury Product Liability | 740 Railway Labor Act | 835 Patent–Abbreviated New Drug Application | 460 Deportation |
| 350 Motor Vehicle | **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 790 Other Labor Litigation | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 371 Truth in Lending | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | 380 Other Personal Property Damage | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | **CIVIL RIGHTS** | 385 Property Damage Product Liability | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | ☒ 440 Other Civil Rights | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 443 Housing/ Accommodations | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities–Employment | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 448 Education | **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   2 Removed from State Court   3 Remanded from Appellate Court   4 Reinstated or Reopened   5 Transferred from Another District *(specify)*   6 Multidistrict Litigation–Transfer   8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Denial of due process, Civil RICO violations

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $ 650,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:
JUDGE
DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*   ☒ SAN FRANCISCO/OAKLAND   SAN JOSE   EUREKA-MCKINLEYVILLE

DATE  10/22/2019          SIGNATURE OF ATTORNEY OF RECORD

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611145378
Cashier ID: almaceh
Transaction Date: 10/22/2019
Payer Name: karena a feng

CIVIL FILING FEE
 For: karena a feng
 Case/Party: D-CAN-3-19-CV-006877-001
 Amount:       $400.00

CASH
 Amt Tendered: $400.00

Total Due:     $400.00
Total Tendered: $400.00
Change Amt:     $0.00

LB
```

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.